**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN O. BRENNAN<br><br>*Plaintiff*,<br><br>v.<br><br>TODD W. BLANCHE, in his official capacity as Attorney General, et al.,<br><br>*Defendants*. | Civil Action Case No. 1:26-cv-02323-JMC |

**SUPPLEMENTAL DECLARATION OF KENNETH L. WAINSTEIN**

Pursuant to the Court's order on September 9, 2026, I, Kenneth L. Wainstein, Esq., pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am a resident of the Commonwealth of Virginia; over the age of 18; and competent to make this declaration. I could and would testify as to the matters set forth herein, if called upon to do so.

2. I am a partner in the Washington, D.C., office of the law firm of Mayer Brown LLP. I am counsel of record for Plaintiff John O. Brennan in the above-captioned action.

3. I submit this Supplemental Declaration in support of Plaintiff's Motion for a Preliminary Injunction and Opposition to Defendants' Motion to Dismiss against Defendants Todd W. Blanche, in his official capacity as Attorney General; the United States Department of Justice; Jason A. Reding Quiñones, in his official capacity as U.S. Attorney for the Southern District of Florida; Joseph E. diGenova, in his official capacity as Counselor to the Attorney General; Kash P. Patel, in his official capacity as Director of the Federal Bureau of Investigation; Donald J. Trump, in his official capacity as President of the United States; the Executive Office of the

President; Susan L. Wiles, in her official capacity as White House Chief of Staff; John L. Ratcliffe, in his official capacity as Director of the Central Intelligence Agency; the Central Intelligence Agency; and the Office of the Director of National Intelligence ("Defendants").

4. The information set forth herein is based on: (i) my representation of Director Brennan in this lawsuit; and (ii) my review of the documents referred to herein.

5. Plaintiff submits the following recent instances where the government has been hostile to its preservation obligations and has sought to insulate itself against requests to share information.

**6. The following are materials that post-date Plaintiff's last filing on August 11, 2026:**

- Information showing that the DOJ stonewalled a Freedom of Information Act ("FOIA") request for information on its "anti-weaponization fund." *See* Jared Foretek, *Legal Center Says DOJ Is Stonewalling Fund Records Request,* Law360 (Aug. 24, 2026), https://perma.cc/Z6K3-ZHMN.
- Information showing that the Trump Administration has altered or deleted nearly 400 federal datasets. *See* Amy Qin & Agnel Philip Pessoa, *Trump 2.0 Has Deleted or Altered Nearly 400 US Datasets,* The Guardian (Aug. 18, 2026), https://perma.cc/J2A9-HK25.
- Information showing that Susan L. Wiles, one of the named defendants in this proceeding, was a member of a Signal group chat with other senior government officials and the messages were set to disappear. The information further shows that the screenshots that the government produced in discovery, taken June 22, 2026, have (1) different autodelete settings, and (2) fewer members in the Signal group compared to a screenshot of the Signal group taken in March 2025, when *The Atlantic* disclosed the existence the Signal group.

*See* Pl.'s Mot. to Reinstate Hr'g, or in the Alternative, for Ltd. Discovery, *Democracy Forward Found. v. U.S. Dep't of Just.*, No. 25-cv-1535-APM (D.D.C. Aug. 12, 2026), Dkt. No. 37 at 3-4, 9-10, State-017-018-DFF, https://perma.cc/DN8S-JN2W.

**7. The following are materials that Plaintiff has <u>not</u> previously identified to the Court but that further show the issue is ripe:**

- Information showing that the DOJ Office of Legal Counsel ("OLC") issued an opinion extending executive privilege to private advisers to President Trump, further insulating decisions from review. *See Applicability of Executive Privilege to Presidential Communications with Private Advisers*, 50 Op. O.L.C. (Aug. 10, 2026), https://perma.cc/3GY3-E77W.
- Information showing that Department of the Interior officials shredded documents and used disappearing Signal messages. *See* Daniel Lippman, et al., *Inside Doug Burgum's Rocky Tenure at Interior*, Politico (Aug. 7, 2026), https://perma.cc/4LYN-TPYB.
- Information showing that the U.S. State Department waited four months after *The Atlantic's* reporting to install archiving software on Secretary Rubio's official government phone to preserve Signal messages. *See* Letter from Democracy Forward Foundation to Edward Forst, Acting Archivist of the United States, *New Evidence of Potential Unlawful Destruction and Removal of Important Federal Records in Signal Threads*, Democracy Forward Found. (June 29, 2026), https://perma.cc/43E7-QKUV.
- Information showing that DOJ reported that it could not recover any of former Attorney General Pam Bondi's text messages or messaging app records from her government phone in response to a FOIA request from Democracy Forward Foundation. *See* DOJ's No Records Response to FOIA Request from Democracy Forward Foundation for AG Bondi's

text and messaging app records, Letter from Jonathan Breyan, Senior Supervisory Att'y, U.S. Dep't of Just., Office of Info. Policy, to Skye Perryman, Democracy Forward Found., Re: FOIA-2025-0359 (Apr. 14, 2026), https://perma.cc/72FP-JM24 (on file with Plaintiff).

- Information showing that DOJ represented to the Court that former Interim U.S. Attorney for the District of Columbia Ed Martin had not responded to requests that he preserve records responsive to Democracy Forward Foundation's FOIA requests and that the Executive Office for U.S. Attorneys could not confirm whether Martin had returned his government phone after his tenure as interim U.S. Attorney ended. DOJ also represented to the Court that it could not access Martin's personal X account. Joint Status Report at 2, *Democracy Forward Found. v. Dep't of Just.*, No. 25-cv-1210-AHA (D.D.C. Apr. 6, 2026), Dkt. No. 17, https://perma.cc/QY5H-XP7R; Status Conference Tr. at 10, 13–14, 16, 22, *Democracy Forward Found. v. U.S. Dep't of Just.*, No. 25-cv-1210-AHA (D.D.C. Mar. 12, 2026), https://perma.cc/Q75U-5EDX (on file with Plaintiff).
- Information showing that former U.S. Secretary of Homeland Security Kristi Noem and other high level officials at the U.S. Department of Homeland Security used Signal.[1] *See* Dep. of Karen Strehle Evans at 150, *Am. Fed'n of Gov't Emps. v. Trump*, No. 3:25-cv-03698-SI (N.D. Cal. Mar. 31, 2026), Dkt. No. 350-1, https://perma.cc/BBU5-GRBY.

**8. The following are items that Plaintiff has <u>previously identified</u> to the Court and are included for the convenience of the Court.**

**President Trump:**

- Information showing that the Donald J. Trump Presidential Library submitted a no-records response to a FOIA request from the Washington Post, stating it could not find President

[1] Please note, even though there is a watermark on this document saying "confidential pursuant to the protective order," it has been filed to the public docket at Dkt. 350-1.

Trump's direct messages despite evidence that he sent them. *See* Nate Jones, *Trump Library Says no Twitter DMs Can be Found, Despite Evidence he Sent Them*, Wash. Post (June 3, 2026), https://perma.cc/95LK-AWUR (Compl. n.54; Mem. in Support of Mot. for Preliminary Injunction Ex. 38).

- Information listing approximately 10 social media posts from President Trump that were deleted or removed on X. Notably, multiple posts about Jan. 6th and stolen election posts were removed. *See* Alex Nguyen, *A Non-Exhaustive List of Trump's Deleted Posts*, Mother Jones (Apr. 13, 2026), https://perma.cc/M8M7-WARP (Compl. n.52; Mem. in Support of Mot. for Preliminary Injunction Ex. 78).
- Information showing that President Trump deleted and later re-posted a post directing then-Attorney General Bondi to investigate former FBI Director James Comey, U.S. Senator Adam Schiff, and New York Attorney General Letitia James. *See* Josh Dawsey et al., *Inside the Justice Department Where the President Calls the Shots*, Wall St. J. (Oct. 8, 2025), https://perma.cc/DD4C-35MH (Compl. n.53; Mem. in Support of Mot. for Preliminary Injunction Ex. 79).
- Information showing that on multiple occasions, President Trump has torn up and/or destroyed official records. *See* Annie Karni, *Meet the Guys who Tape Trump's Papers Back Together*, Politico (June 10, 2018), https://perma.cc/3A7S-6HZY (Compl. n.56; Mem. in Support of Mot. for Preliminary Injunction Ex. 39).

**The Department of Justice:**

- Information stating "DOJ attorneys were willfully blind to their clients' extensive use of disappearing Signal messages in disregard of their obligation to investigate, or they knowingly participated in the concealment." *See* Pls' Reply in Support of Mot. for Rule 37(E) Remedies, Dkt. No. 421 at 3, 11–14, *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*,

No. 25-cv-3698 (N.D. Cal. June 17, 2026) (Compl. n.62; Mem. in Support of Mot. for Preliminary Injunction Ex. 70).

- Information showing a post from U.S. Associate Attorney General Stanley Woodward, stating "We're on it" in response to a tweet suggesting compensation for "victims" under the Federal Tort Claims Act rather than anti-weaponization fund, hours after newly-confirmed U.S. Attorney General Todd Blanche said the anti-weaponization fund was permanently scrapped during his confirmation hearing. Woodward's account deleted the post soon thereafter. *See* Alexander Mallin, *Top DOJ Official Deletes Post on Alternate 'Anti-weaponization' Compensation Plan*, ABC News (June 3, 2026), https://perma.cc/QNU3-RX5L (Compl. n.61; Mem. in Support of Mot. for Preliminary Injunction Ex. 69).
- Information showing that the DOJ's OLC deemed the Presidential Records Act unconstitutional. *See* Constitutionality of the Presidential Records Act, 50 Op. O.L.C. (Apr. 1, 2026) (slip op. at 1, 50), https://perma.cc/V4M7-NQFA (Compl. n.63; Mem. in Support of Mot. for Preliminary Injunction Ex. 73).
- Information showing that the DOJ reportedly withheld or removed Epstein files related to allegations that Trump sexually abused a minor, including approximately 53 pages of FBI interview documents missing from the public database despite the Epstein Files Transparency Act mandate for full disclosure. *See* Stephen Fowler, *Justice Department Withheld and Removed Some Epstein Files Related to Trump*, NPR (Feb. 24, 2026), https://perma.cc/9BZ2-9ZAU (Compl. n.71).
- Information showing that the government repeatedly failed to collect and produce ICE officers' communications from personal devices during discovery. Moreover, one senior

official's government device was wiped after he left service despite a preservation hold. DHS stopped using automatic message preservation software for a manual screenshot process. *See* Letter Mot., Dkt. No. 57 at 2–11, *United States v. McIver*, No. 25-cr-388 (D.N.J. Dec. 23, 2025), https://perma.cc/YKZ8-LMMS (Compl. n.66; Mem. in Support of Mot. for Preliminary Injunction Ex. 72).

- Information showing that a whistleblower alleged that Ed Martin concealed or destroyed records relating to the DOJ Weaponization Group. *See* Rebecca Beitsch, *Whistleblower Accuses Ed Martin of 'Concealing and Destroying' Records Related to DOJ's Weaponization Group*, Hill (Nov. 17, 2025), https://perma.cc/BG4A-UB6V (Compl. n.59; Mem. in Support of Mot. for Preliminary Injunction Ex. 67).
- Information showing Lindsey Halligan, who purported to be the U.S. Attorney for the Eastern District of Virginia, used Signal with disappearing messages to criticize a journalist's reporting, while disclosing information about a grand jury investigation into Letitia James. *See* Anna Bower, *"Anna, Lindsey Halligan Here."*, Lawfare (Oct. 20, 2025), https://perma.cc/DP74-U7XN (Compl. n.58; Mem. in Support of Mot. for Preliminary Injunction Ex. 37).
- Information showing that then-Deputy Attorney General Todd Blanche and then-Acting U.S. Attorney for the District of New Jersey Alina Habba stated that the DOJ would not provide any discovery in support of a defendant's selective and vindictive prosecution claims. *See* Letter, Dkt. No. 26-2, *United States v. McIver*, No. 25-cr-388 (D.N.J. Sep. 10, 2025), https://perma.cc/T6ZC-JQ62 (Compl. n.65; Mem. in Support of Mot. for Preliminary Injunction Ex. 71).

**Executive Officials**

- Information showing that the White House Counsel's records retention guidance, issued the day after OLC declared the Presidential Records Act unconstitutional, instructed Executive Office of the President staff that text messages need only be preserved "when they are the sole record of official decision-making, government action, or contain unique information not available elsewhere." *See* Mem. from David Alan Warrington, Assistant to the President and Counsel to the President, to Staff, Executive Office of the President (Apr. 2, 2026), https://perma.cc/R5G5-UAFW (Compl. n.64; Mem. in Support of Mot. for Preliminary Injunction Ex. 74).
- Information showing that leaked messages about the United States' strikes in Yemen were ultimately deleted from the phone of Defendant CIA Director John Ratcliffe, a named defendant in this proceeding. *See* Julian E. Barnes, *C.I.A. Director's Messages in Leaked Chat Were Deleted, Agency Says*, N.Y. Times (Apr. 15, 2025), https://perma.cc/BF54-6CS2 (Compl. n.60; Mem. in Support of Mot. for Preliminary Injunction Ex. 43).
- Information showing that the National Security Advisor's team had set up at least 20 Signal group chats to discuss crises in Ukraine, China, Gaza, the broader Middle East, Africa and Europe. *See* Dasha Burns, *Waltz's Team Set Up at Least 20 Signal Group Chats for Crises Across the World*, Politico (Apr. 2, 2025), https://perma.cc/6WKP-3K5W (Compl. n.60; Mem. in Support of Mot. for Preliminary Injunction Ex. 42).

***

I swear under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on this 10th day of September, 2026, in Washington, District of Columbia.

/s/Kenneth L. Wainstein
Kenneth L. Wainstein, DC Bar # 451058