IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN O. BRENNAN,<br>Plaintiff,<br><br>v.<br><br>TODD W. BLANCHE, in his official capacity as Attorney General, et al.,<br>Defendants. | ) | Civil Action No. 26-2323 (JMC) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION FOR A PRELIMINARY INJUNCTION**

Plaintiff John O. Brennan respectfully submits this Notice of Supplemental Authority to bring to the Court's attention a recent decision relevant to his pending Motion for a Preliminary Injunction (Dkt. No. 2): the September 11, 2026 Order Granting Plaintiffs' Motion for Rule 37(e) Remedies in *American Federation of Government Employees, AFL-CIO v. Trump*, No. 25-cv-03698-SI (N.D. Cal. Sept. 11, 2026), Dkt. No. 490 (the "Order"), a copy of which is attached as Exhibit A.

The case involved whether the U.S. Department of Homeland Security ("DHS") acted unlawfully by usurping FEMA's authority over its own personnel and steering the agency to cut thousands of disaster-response jobs. As part of the case, the court considered whether the government had violated Federal Rule of Civil Procedure 37. The court found that "Karen Evans, the former acting head of FEMA, and Joseph Guy, former DHS Deputy Chief of Staff, communicated with each other and with others about information relevant to this litigation; they did so on their personal cell phones; and they deleted most messages within one to four weeks, using a Signal auto-delete feature that the chat participants set." Order 1. In the litigation, "[t]he government d[id] not dispute that high-level officials at DHS and FEMA used the Signal

messaging app on their personal cell phones for government business and then deleted those messages." *Id.* Remarkably, one government official "*shortened* the auto-delete timer on one of her FEMA Signal chats" after being a named defendant, and another, while "under a Court order to search his personal phone for relevant Signal messages, . . . reinstalled the Signal app, thereby wiping all of his Signal message content." Order 2. One of the government officials self-redacted "highly relevant information" from her own notes with a marker. Order 25.

The Order is relevant to Plaintiff's case because a court found that senior Executive Branch officials destroyed government records by using auto-deleting Signal messages on personal devices. This failure to preserve evidence and, indeed, destroy it, is at the heart of Plaintiff's motion. *See* Mem. in Supp. of Mot. for Prelim. Inj. 26-30 & n.60. In fact, Plaintiff cited *this same litigation* as an example of the government's disregard of its preservation obligations. *Id.* at 29-30 & n.60. The government's conduct further confirms that pattern of disregard. Plaintiff notes in particular the following findings and features of the case:

1. **The lost records cannot be recovered.** Following full briefing, thousands of pages of deposition testimony, and oral argument, the court found the deleted messages "are now lost and cannot be recovered," and that the messages could not "be restored or replaced through additional discovery"; the court could only *presume* the lost information was unfavorable. Order 1-2, 15, 30. This finding is relevant to whether the potential loss of records is "beyond remediation," and to the government's contention that spoliation sanctions are an adequate remedy. *Cf.* Defendants' Mem. in Opp'n, Dkt. No. 20 at 21-23.

2. **The government officials continued to destroy documents during active litigation, after a litigation hold, and after court orders to produce.** The court found that

officials shortened or maintained auto-delete settings after being named as defendants and while emergency relief was pending, and continued to use auto-delete "even after this Court ordered the production of relevant FEMA communications." Order 2, 20, 26-27. This finding is relevant to whether the risk of irreparable loss is certain and imminent rather than speculative.

3. **The spoliation surfaced only through active-case discovery.** The destruction came to light only through depositions and court-ordered forensic searches available because litigation was already pending—a mechanism absent in Plaintiff's pre-indictment posture. Order 8-12, 21-22. Remarkably, the government argued that spoliation sanctions were not warranted *because* the plaintiffs could not establish the relevance of the deleted information, reasoning the court characterized as "circular." Order 15. This is relevant to Plaintiff's showing that post hoc sanctions are inadequate because, absent an active case, a court "may never become aware that the communications ever existed." Mem. in Supp. of Mot. for Prelim. Inj. 30. Accordingly, this supports Plaintiff's request to preserve information now, so that it will be available in the future.

4. **The Order confirms, in adjudicated findings, the pattern described in Plaintiff's papers.**

Plaintiff respectfully submits the attached Order for the Court's consideration in connection with the pending Motion for a Preliminary Injunction. Plaintiff does not, by this Notice, seek to supplement the briefing with additional argument, but offers the Order solely as recent, directly relevant authority.

Dated: September 14, 2026

Respectfully submitted,

/s/ Kenneth L. Wainstein
Kenneth L. Wainstein, DC Bar # 451058
Natasha Harnwell-Davis, DC Bar # 1719228
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
KWainstein@mayerbrown.com
NHarnwell-Davis@mayerbrown.com

Dan Gelber*
Joan Silverstein*
Gerald Edward Greenberg*
Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131-1715
Telephone: (305) 728-0950
Dan@gsgpa.com
Jsilverstein@gsgpa.com
GGreenberg@gsgpa.com

**admitted pro hac vice*

Counsel for Plaintiff John O. Brennan