**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN O. BRENNAN<br><br>*Plaintiff*,<br><br>v.<br><br>TODD W. BLANCHE, in his official capacity as Attorney General, et al.,<br><br>*Defendants*. | Civil Action Case No. 1:26-cv-02323-JMC |

**SUPPLEMENTAL DECLARATION OF KENNETH L. WAINSTEIN**

Pursuant to the Court's order on September 14, 2026, I, Kenneth L. Wainstein, Esq., pursuant to 28 U.S.C. § 1746 and upon penalty of perjury, declare as follows:

1. I am a resident of the Commonwealth of Virginia; over the age of 18; and competent to make this declaration. I could and would testify as to the matters set forth herein, if called upon to do so.

2. I am a partner in the Washington, D.C., office of the law firm of Mayer Brown LLP. I am a counsel of record for Plaintiff John O. Brennan in the above-captioned action.

3. I submit this Second Supplemental Declaration in support of Plaintiff's Motion for a Preliminary Injunction and Opposition to Defendants' Motion to Dismiss against Defendants Todd W. Blanche, in his official capacity as Attorney General; the United States Department of Justice; Jason A. Reding Quiñones, in his official capacity as U.S. Attorney for the Southern District of Florida; Joseph E. diGenova, in his official capacity as Counselor to the Attorney

General[1]; Kash P. Patel, in his official capacity as Director of the Federal Bureau of Investigation; Donald J. Trump, in his official capacity as President of the United States; the Executive Office of the President; Susan L. Wiles, in her official capacity as White House Chief of Staff; John L. Ratcliffe, in his official capacity as Director of the Central Intelligence Agency; the Central Intelligence Agency; and the Office of the Director of National Intelligence ("Defendants").

4. The information set forth herein is based on: (i) my representation of Director Brennan in this lawsuit; and (ii) my review of the documents referred to herein.

5. Plaintiff submits the following information regarding recent, material developments in this case.

6. On Thursday, September 10, 2026, I accepted service on behalf of Plaintiff for a subpoena to testify on October 15, 2026, before a federal grand jury sitting in Fort Pierce. The subpoena was signed by Joseph E. diGenova on September 9, 2026. The accompanying email directed me to contact Mr. diGenova with any questions regarding the subpoena. The morning of September 10, I, along with co-counsel, reached out to Mr. diGenova by text message, to coordinate a conversation to discuss the subpoena. He responded that he would "arrange counsel" to speak with us.

7. Later in that same day, multiple news outlets reported that Mr. diGenova had resigned his position with the Department of Justice. Mr. diGenova reportedly said, "If you want indictments where there's no evidence, you have an ethical problem." *See* Eric Tucker and Alanna Durkin Richer, *Prosecutor brought in to lead investigation of Trump foes tells AP that he has resigned his position*, Assoc. Press (Sep. 10, 2026), https://perma.cc/5BXQ-W939. Mr. diGenova

[1] As set forth in this Declaration, Mr. diGenova reportedly resigned from his current position with the Department of Justice so his status as a named defendant may be in flux.

also reportedly elaborated later on his comment about the lack of evidence, saying, "There's plenty of evidence in all of these cases to prove the theories of prosecution. It just takes time to get there, and some people want to get there a little faster than others — and you can't do that." *Id.*

8. According to news reports over the last few days, Mr. diGenova "abruptly quit his job on Thursday after facing pressure from his superiors in Washington, according to three people familiar with the matter." *See* Alan Feuer, *Lead Prosecutor in Trump's 'Grand Conspiracy' Case Abruptly Resigns*, N.Y. Times (Sep. 10, 2026), https://perma.cc/UZL8-HN78. The same article indicated that "Mr. Trump has repeatedly put pressure on prosecutors to bring criminal charges against his opponents, calling them out in private meetings and in social media posts. He [Trump] has also expressed displeasure about the slow pace of the retributive investigations he has helped to set in motion." *Id.*

9. On September 11, 2026, I along with co-counsel, participated in a conference call with Kurt Olsen and three other members of the prosecution team to discuss the grand jury subpoena served on my client. In that call, Mr. Olsen fielded our inquiries and indicated there are multiple "viable" grand jury investigations, including a "far-reaching" investigation in Fort Pierce that includes "issues at Mar-a-Lago and beyond" into whether President Trump had his civil rights violated. Mr. Olsen also confirmed there continued to be an additional investigation relating only to Director Brennan's statements before Congress in the District of Columbia. Mr. Olsen explained that Director Brennan was a "target" of the narrower investigation, and the investigation for which he was now being subpoenaed was the "more wide-ranging conspiracy," as to which our client was a "subject." However, he explained that the narrower investigation was "still viable," and that the issues in the narrower investigation might also be part of the larger investigation, such as being overt acts.

10. Mr. Olsen also indicated that he was reporting to the U.S. Attorney in the Southern District of Florida, Jason Reding Quiñones, and then to the Deputy Attorney General and Attorney General Todd Blanche.

***

I swear under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

Executed on this 14th day of September, 2026, in Washington, District of Columbia.

*/s/ Kenneth L. Wainstein*
Kenneth L. Wainstein, DC Bar # 451058